

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-60,248-03 & WR-60,248-04

## EX PARTE DECARLOS MONTRAY GARRETT, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 886344-B & 870048-B IN THE 338TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of aggravated robbery and sentenced to imprisonment for ninety-nine and forty-five years. The First Court of Appeals affirmed his convictions. *Garrett v. State*, No. 01-02-00320-CR (Tex. App.—Houston [1st Dist.] Jan. 30, 2003) (not designated for publication); *Garrett v. State*, No. 01-02-00321-CR (Tex. App.—Houston [1st Dist.] May 15, 2003) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the State failed to disclose exculpatory and impeachment evidence, the State relied on false testimony, and trial counsel was ineffective for not

investigating exculpatory and impeachment evidence. On February 27, 2019, we remanded these applications and directed the trial court to make further findings of fact and conclusions of law and to order trial counsel and the State to file responses. On remand, the trial court made further findings and conclusions, but nothing in the supplemental record indicates that trial counsel and the trial prosecutor filed responses.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and the trial prosecutor to respond to the above claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

After reviewing trial counsel's and the trial prosecutor's responses, the trial court shall make further findings of fact and conclusions of law as to whether: (1) the State failed to disclose favorable impeachment and exculpatory evidence that was material to Applicant's conviction in cause number 870048 and his punishment in cause number 886344; (2) the State relied on false testimony that was material to Applicant's conviction in cause number 870048 and his punishment in cause number 886344; and (3) trial counsel was ineffective for not investigating impeachment and exculpatory evidence. If a copy of the surveillance video in cause number 870048 exists, the trial court shall order the district clerk to forward it to this Court as a supplement. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 29, 2020
Do not publish